UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAJMERE COOKE, )<br>)<br>      Petitioner, )<br>)<br>  v. )<br>)<br>BUREAU OF CONSULAR )<br>AFFAIRS, et al., )<br>)<br>      Respondents. ) | Civil Action No.  1:23-cv-03035 (UNA) |

## MEMORANDUM OPINION

Petitioner initiated this case on October 10, 2023, by filing, *inter alia*, a civil *pro se* petition, ECF No. 1.  He failed, however, to provide any residential address, nor did he request leave to use any alternative address, in contravention of D.C. LCvR 5.1(c)(1).  *See* Order, ECF No. 4. Consequently petitioner was directed, on November 9, 2023, to provide within thirty days either a notice of residence address or a motion for leave to use an alternative address.  *Id.* at 1.

On November 13 and 21, 2023, petitioner responded to the Court's order by filing substantially similar notices, *see* First Notice, ECF No. 5 ("Not. I"); Second Notice, ECF No. 6 ("Not. II"), in which he attests that he is currently homeless and living in his car, and therefore he cannot, and moreover refuses, to provide the Court with any address of record, *see* Not. I at 1; Not. II at 1.  While petitioner's circumstances are understandably challenging, without a residence address, or alternatively, a P.O. Box or general mailing address, this Court and the respondents have no way of formally and consistently noticing and communicating with petitioner, or vice versa.  Although petitioner filed a consent to receive electronic notice, ECF No. 3, he has not filed any motion for CM/ECF access, *see* D.C. LCvR 5.4(b)(2).  Even had such a motion been filed, petitioner does not appear to qualify because, among other problems, petitioner lives in his vehicle

and unlikely has consistent and reliable access to the internet, or the ability to file documents and receive filings electronically on a regular basis. *See* Not. I at 1; Not. II at 1. Petitioner has thus failed to comply with this Court's order and this case cannot proceed.

Even if petitioner had complied, this case would still fail to survive. Petitioner alleges that, on October 12, 2022, he "was denied a passport . . . by the Bureau of Consular Affairs at the Philadelphia passport agency because [he is] not a U.S. citizen[.]" Pet. at 1. Although petitioner agrees, and in fact, declares, that he is not a United State citizen, for "remedy and relief[,]" he nonetheless asks this court to direct the United States and the Bureau of Consular Affairs to issue him a "full-time A-1 diplomatic visa with the highest rank and U.S. diplomatic passport with the highest rank." *See id.* at 2–3. [1] This claim is barred for several reasons.

First, a petitioner may seek relief under 8 U.S.C. § 1503 to "appeal the denial of 'a right or privilege as a national of the United States' by a government official, department or independent agency 'upon the ground that he is not a national of the United States.'" *Hinojosa v. Horn*, 896 F.3d 305, 311 (5th Cir. 2018) (quoting 8 U.S.C. §§ 1503(a), (b)), *cert. denied*, 139 S.Ct. 1319 (2019). "The statute provides two separate procedures for individuals to vindicate such claims, depending on whether they are within the United States." *Id.* Of course, as noted, petitioner

---

[1]   As ancillary relief, petitioner also asks, pursuant to 8 U.S.C. § 1481(a)(2), that the Court formally remove his status as a United States citizen, provide him with "tribal nationality status[,]" and assign him a "permanent fiduciary" from the government to answer all of his questions, as needed. *See* Pet. at 2. Judicial notice is taken, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Banks v. York*, 515 F. Supp. 2d 89, 109 (D.D.C. 2007); *Sheppard v. District of Columbia*, 791 F. Supp. 2d 1, 2 n.1 (D.D.C. 2011), of the dismissal without prejudice of petitioner's substantially similar request related to his citizenship status, *see Cooke v. Blinken*, No. 23-cv-03135 (UNA) (D.D.C. filed Oct. 19, 2023), Petition, ECF No. 1, for failure to comply with a court order, failure to state a claim, and lack of subject matter jurisdiction, *see* Memorandum Opinion, ECF No. 9 (entered Dec. 22, 2023); Dismissal Order, ECF No. 10 (entered Dec. 22, 2023). The relief sought in the instant matter regarding petitioner's citizenship is identical to that previously sought and the determinations made in the memorandum opinion entered in *Cooke*, No. 23-cv-03135, are adopted and incorporated in full here. Petitioner's claims for such relief are dismissed for the same stated reasons, *see id*. at 1–4.

declines to provide any address of record, *see* Not. I at 1; Not. II at 2, and he believes that, "[a]ccording to the Holy Bible[,]" the United States is not a nation, but rather, "a corporate entity registered in the state of Delaware[,]" Pet. at 3, but, as gleaned from his submissions, he appears to be located somewhere in the United States, *see, e.g.*, *id.* at 1, 3; Not. I at 1; Not. II at 1.

"When the individuals are already within the United States, judicial review is immediately available: They are authorized to 'institute an action under [the Declaratory Judgment Act] against the head of such department or independent agency for a judgment declaring him to be a national of the United States.'" *Hinojosa*, 896 F.3d at 311 (quoting 8 U.S.C. § 1503(a)). "An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which *such person resides or claims a residence* and jurisdiction over such officials in such cases is conferred upon those courts." 8 U.S.C. § 1503(a) (emphasis added). Here, the claim leaves wholly unclear whether the "Philadelphia passport agency" issued a formal and final administrative denial, or if that entity even bears the authority to do so. Notably, without petitioner's residence, the information necessary for this Court to exercise jurisdiction over his claims is lacking. *See* 8 U.S.C. § 1503(a).

Assuming *arguendo* that petitioner is located out of the country, "the path to judicial review is longer because such individuals must first gain admission into the country by the procedures set forth in §§ 1503(b)-(c). These provisions first require an application to 'a diplomatic or consular officer of the United States' for a certificate of identity, which allows petitioners to "travel[ ] to a port of entry in the United States and apply[ ] for admission.'" *Hinojosa*, 896 F.3d at 311 (quoting 8 U.S.C. § 1503(b)). "If their applications are denied, petitioners are 'entitled to an appeal to the Secretary of State, who, if he approves the denial, must provide a written statement of reasons.'"

*Id.* at 311–312 (quoting 8 U.S.C. § 1503(b)). Conversely, "[i]f the certificate of identity is issued— either by the diplomatic or consular officer or by the Secretary of State—the individual may apply for admission to the United States at a port of entry, subject "to all the provisions . . . relating to the conduct of proceedings involving aliens seeking admission to the United States.'" *Id*. at 312 (quoting 8 U.S.C. § 1503(c)). "If admission is denied, petitioners are entitled to '[a] final determination by the Attorney General' that is 'subject to review by any court of competent jurisdiction in habeas corpus proceedings and not otherwise.'" *Id.* (quoting 8 U.S.C. § 1503(c)). Finally, "if admission is granted, thereby permitting them to travel within the United States, they can file a declaratory judgment action under § 1503(a)." *Id*. Here, to the extent that 8 U.S.C. §§ 1503(b), (c) apply to petitioner's circumstances, the record is wholly unclear indication that he has fulfilled any of the above-noted steps, which are prerequisites to challenge the respondents' denial of a passport in the appropriate jurisdiction.

Second, petitioner asks that respondents be directed to take specific actions on his behalf, *see* Pet. at 2, but this Court is without jurisdiction to do so. "It is one thing to seek to compel an agency to respond to an administrative complaint within a reasonable time. It is entirely another to seek to control what that response says." *SAI v. Homeland Security*, 149 F. Supp. 3d 99, 109 (D.D.C. 2015). Put differently, "[u]nder Section 706(1) of the APA [Administrative Procedure Act], a court may at times compel an agency 'to take a *discrete* agency action that is it is *required to take*,' but may not direct '*how* it shall act.' " *Id.* (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphases in original) (internal quotation marks omitted)). Indeed, the record is unclear whether petitioner ever filed any agency complaint, let alone whether he awaits an agency to take some required action. *See* 5 U.S.C. §§ 702, 704.

Finally, petitioner cites, in passing, to the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350, *see* Pet. at 2, but fails to identify an operative tort, which is fatal to his claim. *See Stone v. U.S. Embassy Toyko*, No. 19-3273, 2020 WL 6746925, at *3 (D.D.C. Nov. 16, 2023) ("Plaintiff fails to demonstrate how the alleged conduct, such as failing to issue a passport or respond to letters, constitute legally cognizable torts."). He also explicitly disclaims any demand for damages, *see* Pet. at 2, further failing to establish a claim under the ATCA, *see Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 99–100 (D.D.C. 2003); *Abur v. Repub. of Sudan*, 437 F. Supp. 2d 166, 168–69 n.4 (D.D.C. 2006).

For all of these reasons this matter is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: December 27, 2023

/s/_____
**BERYL A. HOWELL**
United States District Judge